ROBERT H. WALL, PLAINTIFF-RESPONDENT-CROSS-APPELLANT, v. BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, ET AL., DEFENDANTS-APPELLANTS.

Argued June 3, 1958—Decided June 27, 1958.

*Mr. James F. McGovern, Jr.,* argued the cause for defendants-appellants (*Mr. Ezra L. Nolan,* Corporation Counsel, attorney; *Mr. James F. McGovern, Jr.,* of counsel and on the brief).

*Mr. Isadore Glauberman* argued the cause for plaintiff-respondent, cross-appellant.

The opinion of the court was delivered by

WEINTRAUB, C. J. The facts appear in *Krieger v. Jersey City,* 27 *N. J.* 535. Magistrate Wall also sought a declaration that he holds the office of magistrate and a judgment for back pay. Both parties moved for summary judgment. The trial court granted plaintiff's motion to the extent of adjudging that he held office and the purported termination of his appointment was invalid, but denied his motion with respect to pay. Defendant's motion was denied. Both parties appealed and we certified the appeals on our own motion before consideration of them by the Appellate Division.

For the reasons set forth in *Krieger,* the judgment must be affirmed.

In this case, defendant raised an issue not offered in the *Krieger* suit. Defendant presented affidavits of the City Clerk and "Acting City Clerk" that a search fails to disclose any ordinance fixing the salary of magistrates as required by *N. J. S.* 2A:8–9. Upon that showing defendant argued (1) there was no office of magistrate for want of such ordinance, and (2) there can be no recovery for salary. The trial court properly held that the office was created by the Legislature and hence its existence did not depend upon a salary ordinance. As to the claim for pay, the judgment reads:

"It is further ordered that the plaintiff's motion for summary judgment awarding him back salary in accordance with the prayers of the First Count of the Complaint is denied."

As stated above, defendant's cross-motion for summary judgment was also denied.

Upon the argument of the motions plaintiff disputed the affidavits and asked that the issue as to salary be withdrawn from the motion and held for later disposition after an opportunity for full discovery. When defendant appealed, plaintiff moved to dismiss on the ground that the judgment was not final since the claim for salary remained undetermined. Apparently at the suggestion of the Appellate Division an application was made to the trial court for clarification of the judgment and a determination as to whether under *R. R.* 4:55–2 the judgment was intended to be final as to the claims for relief adjudicated. The trial court thereupon:

"ORDERED and ADJUDGED that the judgment of January 6, 1958 be in all things confirmed and it is so ORDERED and ADJUDGED that the Plaintiff's motion for summary judgment awarding him back salary in accordance with the prayer of the complaint herein is denied and that such judgment is a final, appealable judgment under *R. R.* 2:2–1."

Plaintiff cross-appealed protectively.

We agree with plaintiff that the issue of back salary has not been adjudged and remains open for trial in these proceedings. His motion for summary judgment for salary was denied, as was defendant's motion for judgment. There is no judgment in favor of defendant on that claim. Defendant did not seek leave to review the denial of its motion and its notice of appeal from the judgment expressly excluded so much of it as related to compensation. The trial court quite properly denied both motions to the end that the factual issue may be fully explored. The legal questions must await a finding of the facts.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices WACHENFELD, BURLING, FRANCIS and PROCTOR—5.

*For reversal*—Justice HEHER—1.